IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DARLA RAY**                                                                            **PLAINTIFF**

**V.**                                          **NO. 1:20-CV-129-DMB-RP**

**JOHNSON & JOHNSON, et al.**                                   **DEFENDANTS**

**ORDER**

In this products liability case, Ethicon, Inc. and Johnson & Johnson have moved to dismiss Darla Ray's complaint with prejudice for failure to prosecute. Because Ray has failed to keep her counsel and this Court informed of her whereabouts, dismissal will be granted.

**I**
**Procedural History**

On November 6, 2020, Darla Ray's counsel filed a motion to withdraw based on irreconcilable differences with Ray and the fact that Ray "has not responded to any communication from Counsel since August 28, 2020." Doc. #99 at 1 (emphases omitted). The certificate of service for the motion reflects that it was mailed to Ray at her last known address at 8295 US 45 Alt., West Point, MS 39773. Doc. #109. This address differs from Ray's address of residence listed in her original complaint,[1] which is "500 Lee Circle, Okolona, Mississippi 38860." *See* Doc. #1 at 1.

On November 30, 2020, United States Magistrate Judge Roy Percy granted the motion to withdraw. Doc. #102. Judge Percy's order directed that no later than December 30, 2020, "one of the following must occur: (1) substitute counsel must enter an appearance for the plaintiff; (2)

---

[1] Ray commenced this action in the United States District Court for the Southern District of West Virginia on August 17, 2012. Doc. #1. The case was accepted as a part of "Wave 4" of the *In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation* multi-district litigation. *See* Doc. #13. Following the completion of MDL discovery, the case was transferred to the Northern District of Mississippi on June 4, 2020. Doc. #52.

the plaintiff must file a notice advising that she intends to proceed without an attorney; or (3) the plaintiff must file a notice advising that she does not intend to prosecute this case further." *Id*. at 1–2. The order warned that failure to comply with this directive could result in dismissal of the case, and instructed that "[u]ntil such time as substitute counsel enters an appearance for the plaintiff, copies of court orders and any other documents required to be served on the plaintiff should be mailed to her at the [West Point] address." *Id*. at 2. A copy of the November 30 order was mailed to Ray at the West Point address but returned as undeliverable on December 9, 2020. Doc. #103.

On January 25, 2021, Ethicon, Inc., and Johnson & Johnson, the two remaining defendants in this case, filed a motion to dismiss Ray's complaint for lack of prosecution. Doc. #105. The next day, they filed a motion to stay discovery pending disposition of the motion to dismiss. Doc. #106. Judge Percy granted the motion to stay on February 12, 2021. Doc. #107. A copy of the February 12 order was mailed to Ray at the West Point address and returned as undeliverable on March 4, 2021.

## II
## Analysis

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Ordinarily, a dismissal for failure to prosecute is without prejudice. *See Bivens v. United States*, No. 3:18-CV-2068, 2019 WL 6120133, at *1 (N.D. Tex. Oct. 28, 2019) ("Generally, a dismissal for failure to prosecute … is without prejudice."); *see Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) ("Dismissals with prejudice are reserved for the most egregious of cases.") (internal quotation marks omitted); *Smith-Bey v. Cripe*, 852 F.2d 592, 593 (D.C. Cir. 1988) (local rule requiring dismissal without prejudice in the absence

of special circumstances "embodies the standard of Rule 41(b)"); *Wolschlager v. Webber*, No. 05-10250, 2006 WL 839461, at *1 (E.D. Mich. Mar. 27, 2006) ("[T]he general practice in the Sixth Circuit has been to dismiss without prejudice cases for failure to prosecute."). However, when the applicable statute of limitations would bar re-filing, the dismissal is properly deemed with prejudice. *See Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018).

Although this case was filed originally in the Southern District of West Virginia, there is no dispute Ray's claims, which are based on injuries allegedly caused by a product to a Mississippi citizen in Mississippi, are evaluated under Mississippi law, specifically, the Mississippi Products Liability Act. Nor is there any dispute that such claims are governed by a three-year statute of limitations. *See Phillips 66 Co. v. Lofton*, 94 So. 3d 1051, 1059 (Miss. 2012). Insofar as Ray has asserted claims based on injuries arising from the 2010 implant of the defendants' product, it seems clear such claims would be time-barred if dismissed today. So the Court must decide whether dismissal with prejudice is proper.

A court may dismiss with prejudice for failure to prosecute only when (1) "there is a clear record of delay or contumacious conduct by the plaintiff," and (2) "lesser sanctions would not prompt diligent prosecution." *Campbell v. Wilkinson*, __ F.3d __, No. 20-11002, 2021 WL 650106, at *3 (5th Cir. Feb. 19, 2021). Even when these requirements are satisfied, a court should find at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* (cleaned up).

"It is not a party's negligence—regardless of how careless, inconsiderate, or understandably exasperating—that makes conduct contumacious; instead, it is the stubborn resistance to authority which justifies a dismissal with prejudice." *Lozano v. Bosdet*, 693 F.3d

485, 490 (5th Cir. 2012) (cleaned up). But "to maintain contact with one's own counsel … is so basic a requirement of judicial process that it would be difficult to find failure to do so mere carelessness." *Finnan v. Delchamps, Inc.*, No. 87-0455, 1988 WL 47882, at *1 (E.D. La. May 10, 1988). Accordingly, courts have found that a plaintiff engages in contumacious conduct by refusing to respond to her attorneys and otherwise failing to update the court as to her mailing address. *Id.*; *see In re Fema Trailer Formaldehyde Prods. Liab. Litig.*, No. MDL 07-1873, 2011 WL 4018294, at *3 (E.D. La. Sept. 9, 2011) (finding contumacious conduct where plaintiff failed to respond to requests of counsel); *Dishner v. Quillin*, No. 2:15-CV-47, 2017 WL 1148615, at *2 (E.D. Tenn. Feb. 28, 2017) ("[A] total failure by a party to advise his lawyer or the Court in which he is a party to a suit of his whereabouts should surely fit the definition of contumacious conduct.") (internal quotation marks omitted). Because Ray has refused to respond to her attorneys and moved without informing her attorneys (given that the last known address provided by her attorneys appears to be inaccurate) or the Court, the record clearly shows contumacious conduct by Ray.

"Absent the ability to reach [a plaintiff], … it is futile to attempt to raise [a failure to prosecute issue] with him further, which … renders futile any attempt to prompt diligent prosecution through a lesser sanction than dismissal." *Munoz-Cedillo v. United States*, No. 7:20-CV-110, 2020 WL 8099507, at *3 (S.D. Tex. Nov. 27, 2020); *see Montenegro Escamilla v. Young Shing Trading Co., Inc.*, No. 17-CV-652, 2019 WL 3716195, at *5 (E.D.N.Y. May 1, 2019) ("[G]iven the multiple opportunities afforded to Montenegro to participate in the case and the inability to locate him, the Court has no reason to believe any sanction other than dismissal is appropriate."). Because the Court has no way to contact Ray, any lesser sanctions would be futile.

Having concluded that there is a clear record of contumacious conduct and that lesser sanctions would not prompt diligent prosecution, the only remaining question is whether there is an aggravating factor which would justify dismissal with prejudice. This question is easily answered because it is clear the delay arising from Ray's conduct is attributable to her and not her attorney. *In re Fema Trailer*, No. 2011 WL 4018294, at *3 (delay from plaintiff's failure to respond to attorney attributable to plaintiff). Thus, all requirements for dismissal are present and the motion to dismiss will be granted.

### III
### Conclusion

The motion to dismiss [105] is **GRANTED**. Accordingly, all remaining motions [94][108] are **DENIED as moot**. This case is **DISMISSED with prejudice** for failure to prosecute.

**SO ORDERED**, this 17th day of March, 2021.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**